[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13025
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00073-WCO

HALL COUNTY, GEORGIA,

Plaintiff-Appellee
Cross Appellant,

versus

SELECTIVE INSURANCE COMPANY OF AMERICA, INC.,

Defendant-Appellant
Cross Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(February 9, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

These cross appeals challenge the district court's entry of summary judgment in favor of plaintiff Hall County on its claims that defendant Selective Insurance Company of America, Inc. ("Selective Insurance") breached three performance/maintenance bonds that it issued as surety to Hall County.

The performance/maintenance bonds required the principal, Ruby Forrest, and the surety, Selective Insurance, to, inter alia, complete and maintain sidewalk systems within three residential subdivisions that Ruby Forrest owned and was developing. The parties did not dispute that Selective Insurance issued the bonds, that Ruby Forrest did not complete the sidewalk systems within the bond periods or their extensions, that Hall County provided Selective Insurance with timely notice of Ruby Forrest's failure to complete the work, and that Selective Insurance denied payment under all three bonds. In cross motions for summary judgment, the parties disputed whether plaintiff Hall County's suit against defendant Selective Insurance was time-barred under a provision in the bonds that stated that "the Issuer will have no more liability after" the expiration date of the bond.

The district court denied defendant Selective Insurance's summary judgment motion and granted plaintiff Hall County's summary judgment motion. The district court concluded that: (1) under a plain reading, this provision of the bond

2

agreements was not a contractual limitations period for filing a judicial action, but rather delineated the period in which liability to Selective Insurance could accrue; and (2) alternatively, even if the provision could be read to shorten the statute of limitations period, such a reading was "inherently unreasonable" and thus unenforceable under Georgia law. The district court further noted that Selective Insurance had not argued that Hall County's claims were barred by any statute of limitations that might be applicable. The district court determined that, absent any valid defense, Selective Insurance was bound by the terms of the bonds.

After review, we find no reversible error in the district court's entry of summary judgment in favor of plaintiff Hall County on these three performance/maintenance bond claims, alleged in Counts One through Three of Hall County's complaint. We also find no reversible error in the district court's awarding plaintiff Hall County the full amount of the bonds. The County Engineer for Hall County testified that the bond amounts were based on inspection and estimates for completing the sidewalk work at the time the bonds were issued in 2007 and that the estimated cost to complete the sidewalk work in 2015 exceeded those bond amounts. In opposing Hall County's motion for summary judgment, Selective Insurance did not present any evidence to dispute the County Engineer's testimony.

In addition to the three performance/maintenance bond claims, Hall County's complaint contained a fourth count that asserted a bad faith claim for punitive damages and attorney's fees under O.C.G.A. § 10-7-30. Although Hall County moved for summary judgment on Count Four, the district court's summary judgment order did not explicitly address Count Four. Nonetheless, the district court entered a final judgment in favor of Hall County "in the aggregate amount of its bond limits, $265,595.65" and terminated the case as if its summary judgment order had disposed of all the claims. In its cross appeal, Hall County argues that the district court's summary judgment order should have addressed Count 4 explicitly.

After this appeal was filed, however, Hall County filed a post-judgment motion in the district court seeking an award of a twenty-five percent penalty and reasonable attorney's fees under O.C.G.A. § 10-7-30 based on Count Four. The district court denied the motion without prejudice, noting that both parties had already filed notices of appeal. The district court directed Hall County to renew its motion within thirty days after completion of these appellate proceedings. Accordingly, we do not address the award of any attorney's fees and penalties pursuant to O.C.G.A. § 10-7-30 sought in Count 4 and remand for the district court to do so in the first instance.

4

In conclusion, we affirm the district court's summary judgment in favor of Hall County on Counts One, Two, and Three, but vacate the district court's judgment and remand for the district court to address Count Four.

**AFFIRMED IN PART, VACATED AND REMANDED.**